[If you need additional space for ANY section, please attach an additional sheet and reference that section]

**RECEIVED**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

MAR 1 5 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Herman Smith                    )
_____           )
Plaintiff(s),                   )
                                )   **1:18-cv-01889**
v.                              )   **Judge Manish S. Shah**
Environmental Restoration LLC   )   **Margistrate Judge M. David Weisman**
                                )
_____           )
                                )
Defendant(s).                   )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1.  This is an action for employment discrimination.

2.  The plaintiff is Herman Smith of the county of Cook in the state of Illinois.

3.  The defendant is Environmental Restoration LLC, whose street address is 16666 Fabick Dr. (city) Fenton (county)_____ (state) MO (ZIP) 63026

    (Defendant's telephone number) (636) - 327 - 7477

4.  The plaintiff sought employment or was employed by the defendant at (street address) 16660 S Canal St. (city) South Holland (county)_____ (state) IL (ZIP code) 60473

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) September , (day) 18 , (year) 2017 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant

    asserting the acts of discrimination indicated in this complaint with any of the

    following government agencies:

        (i) ☑ the United States Equal Employment Opportunity Commission, on or about

        (month) Dec , (day) 7 (year) 2017 .

        (ii) ☐ the Illinois Department of Human Rights, on or about

        (month)_____ (day)_____ (year)_____ .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

    attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.
    (19 Pages)

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b)     The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)     Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes    ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐     the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) Dec_____ (day) 19____ (year) 2017_____ a copy of which

*Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.    The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): Defendant allowed perpetrator of incident to take anger management class as discipline where as I was fired

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Defendant Environmental Restoration LLC violated my constitutional rights under Title VII of the Civil rights Act of 1964 when I was discriminated against at work via unethical treatment and un warranted disciplinary action. Then I was wrongfully terminated from employment for requesting that the disciplinary action be rescinded and the incident and perpetrator of it investigated

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑ Direct the defendant to (specify): Pay Plaintiff 2 years wages in damages and/or any other relief the Court deems appropriate

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)  ☑  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)  ☐  Grant such other relief as the Court may find appropriate.

Herman Smith
(Plaintiff's signature)

Herman Smith
(Plaintiff's name)

P.O. Box 4950
(Plaintiff's street address)

(City) Chicago          (State) Illinois  (ZIP) 60680

(Plaintiff's telephone number) (872) – 212-7763

Date: 3/15/2018

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## EEOC INQUIRY QUESTIONNAIRE



RECEIVED EEOC

DEC 07 2017

RECEIVED EEOC

DEC 07 2017

For Official Use Only – Inquiry Number:

CHICAGO DISTRICT OFFICE

CHICAGO DISTRICT OFFICE

Thank you for contacting the U.S. Equal Employment Opportunity Commission ("EEOC"). The information you give us on this Questionnaire will help us assist you and determine if your concerns are covered by the employment discrimination laws we enforce. Answer **all questions** completely and briefly. Please write clearly. ·

After completing this Questionnaire (Form 290A), **return it immediately** to the EEOC office identified in the cover letter to this Questionnaire, or to the receptionist if you are completing this Questionnaire in an EEOC office. Instead of completing this Inquiry Questionnaire, you can submit an inquiry online at https://publicportal.eeoc.gov/portal/.

**Please note: This Questionnaire is not a Charge of Discrimination.**

This Questionnaire is not intended for use by applicants for federal jobs or employees of the US government. For complaints of job discrimination in federal employment, see http://www.eeoc.gov/federal/fed_employees/complaint_overview.cfm.

| | |
|---|---|
| **Personal Information** | Last Name: Smith    First Name: Herman   MI: C<br><br>Home Phone: (___) _____  Cell: (872) 212-7763  Email Address: hermment455@yahoo<br><br>Street Address: 7430 Skenard Ave    Apt.: 2w<br><br>City: Chicago    County: _____  State: IL  Zip Code: 60619<br><br>What is the best way to reach you? Cell<br><br>What are the best days and times to reach you? Any day Anytime<br><br>Do you need language assistance? Yes ☐ No ☑<br><br>If so, what do you need? _____<br><br>Date of Birth: 9/23/1972    Sex: Male ☑ Female ☐<br><br>General information about you that will allow us to serve all individuals better:<br><br>i. Are you Hispanic or Latino? Yes ☐ No ☑<br><br>ii. Do you have a disability? Yes ☐ No ☑<br><br>iii. What is your race? Please choose all that apply: American Indian or Alaskan Native ☐  Asian ☐<br><br>White ☐   Black or African American ☑   Native Hawaiian or Other Pacific Islander ☐<br><br>iv. What is your National Origin (country of origin or ancestry)? _____ |
| **Who can we contact if we are unable to reach you?** | Name: Allisan Grooms-Love    Relationship: friend<br>Address: P.O. Box 4853    City: Chicago State: IL Zip Code: 60680<br>Home Phone: (___) _____  Cell: (312) 756-9379 Email Address: Allisanlove@yahoo.Com |

**THIS QUESTIONNAIRE IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **Who do you believe discriminated against you?** | Employer ☐    Union ☐    Employment Agency ☐    Other Organization ☐<br><br>Organization Name: Environmetal Restoration LLC<br><br>Street Address: 16660 S Canal St    Suite: #D<br><br>City: South Holland    County: _____ State: IL   Zip Code: 60473<br><br>Name of Human Resources Director or Owner: Dennis Greaney<br><br>Email Address: _____ Phone number of organization: (708) 333-9915<br><br>How many employees (estimated) does the organization have at all locations? Please check one:<br><br>Less than 15 ☐    15-100 ☐    101-200 ☐    201-500 ☐    More than 500 ☑<br><br>**Tell us where you work(ed), or applied to work, if it is different from the organization address above:**<br><br>Street Address: _____ Suite: _____<br><br>City: _____ County: _____ State: _____ Zip Code: _____ |

| | |
|---|---|
| **Why do you think you were discriminated against?** | I believe I was discriminated against because of:<br><br>☐   Age (40 or older) – Your age: _____<br><br>☑   Color – Your color: _____<br><br>☐   Disability – Circle all that relate to this inquiry:<br>     o   I have a disability<br>     o   I had a disability in the past<br>     o   I don't have a disability but I am treated as if I have a disability<br>     o   I am closely related to or associated with a person with a disability<br><br>Your disability: _____<br><br>Is your employer aware of your disability? Yes ☐    No ☐<br><br>If yes, how? _____<br><br>☐   Genetic information, my family medical history, or my participation in genetic services like counseling, education or testing<br><br>☐   National origin – Your national origin: _____<br><br>☑   Race – Your race: _____<br><br>☐   Religion – Your religion: _____<br><br>☐   Sex (including pregnancy, gender identity, or sexual orientation)<br><br>☑   Retaliation – Circle all that relate to this inquiry:<br>     o   I filed a charge of job discrimination about any of the above<br>     o   I contacted a government agency to complain about job discrimination<br>     ø   I complained to my employer about job discrimination<br>     o   I helped or was a witness in someone else's complaint about job discrimination<br>     o   I requested an accommodation for my disability or religion<br><br>☐   None of the above – Your basis for this inquiry: _____ |

**THIS QUESTIONNAIRE IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **Who do you believe discriminated against you?** | Employer ☐    Union ☐    Employment Agency ☐    Other Organization ☐<br><br>Organization Name: Environmental Restoration LLC<br><br>Street Address: 16660 S Canal St _____ Suite: #D<br><br>City: South Holland _____ County: _____ State: IL Zip Code: 60473<br><br>Name of Human Resources Director or Owner: Dennis Greaney<br><br>Email Address: _____ Phone number of organization: (708)333-9915<br><br>How many employees (estimated) does the organization have at all locations?  Please check one:<br><br>Less than 15 ☐    15-100 ☐    101-200 ☐    201-500 ☐    More than 500 ☑<br><br>**Tell us where you work(ed), or applied to work, if it is different from the organization address above:**<br><br>Street Address: _____ Suite: _____<br><br>City: _____ County: _____ State: _____ Zip Code: _____ |
| **Why do you think you were discriminated against?** | I believe I was discriminated against because of:<br><br>☐    Age (40 or older) – Your age: _____<br><br>☑    Color – Your color: _____<br><br>☐    Disability – Circle all that relate to this inquiry:<br>    ○    I have a disability<br>    ○    I had a disability in the past<br>    ○    I don't have a disability but I am treated as if I have a disability<br>    ○    I am closely related to or associated with a person with a disability<br><br>Your disability: _____<br><br>Is your employer aware of your disability?  Yes ☐    No ☐<br><br>If yes, how? _____<br><br>☐    Genetic information, my family medical history, or my participation in genetic services like counseling, education or testing<br><br>☐    National origin – Your national origin: _____<br><br>☑    Race – Your race: _____<br><br>☐    Religion – Your religion: _____<br><br>☐    Sex (including pregnancy, gender identity, or sexual orientation)<br><br>☑    Retaliation – Circle all that relate to this inquiry:<br><br>    ○    I filed a charge of job discrimination about any of the above<br>    ○    I contacted a government agency to complain about job discrimination<br>    ○    I complained to my employer about job discrimination<br>    ○    I helped or was a witness in someone else's complaint about job discrimination<br>    ○    I requested an accommodation for my disability or religion<br><br>☐    None of the above – Your basis for this inquiry: _____ |

**THIS QUESTIONNAIRE IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **What happened to you that you think was discriminatory and when did it happen?** | EXAMPLES: I was denied an accommodation I needed to perform my job; I was fired because I was pregnant; I was laid off because of my age. State the date the action happened.<br><br>Date: 9/18/2017      Action: See Attachment<br><br>Date: _____      Action: _____<br><br>Name of Person(s) Responsible: _____ |
| **What reason(s) were you given for this job action?** | Reason(s) _____<br><br>_____<br><br>Who told you this? _____    His or Her Job Title: _____ |
| **What is your job, previous job, or the job you applied for?** | Date Hired: _____ Job Title at Hire: _____<br><br>Annual Pay Rate When Hired: _____   Last or Current Annual Pay Rate: _____<br><br>Job Title at Time of Alleged Discrimination: _____<br><br>Date Your Employment Ended: _____ Select One: Quit ☐   Discharged/Laid off ☐<br><br>Name and Title of your Immediate Supervisor: _____<br><br>Job Applicants - What was the title of the job you applied for: _____<br><br>Date you applied: _____ Date you found out you were not hired: _____ |

**Was another person in the same or similar situation treated the same, better, or worse than you?**
**EXAMPLES: Who else applied for the same job? Who else had the same attendance record? Who else had the same performance appraisal?**

| | |
|---|---|
| **Who was treated BETTER than you?** | 1. Name: Kelly Lipner      Job Title: Cost Accountant<br><br>Check how they are different from you:<br><br>Age ☐   Color ☑   Disability ☐   National Origin ☐   Race ☑   Religion ☐   Sex ☑<br><br>How were they treated better? I was fired she was not over<br>argument she initiated      Date: 9-18-2017<br><br>2. Name: _____      Job Title: _____<br><br>Check how they are different from you:<br><br>Age ☐   Color ☐   Disability ☐   National Origin ☐   Race ☐   Religion ☐   Sex ☐<br><br>How were they treated better? _____<br><br>_____ Date: _____ |
| **Who was treated WORSE than you?** | Name: _____      Job Title: _____<br><br>Check how they are different from you:<br><br>Age ☐   Color ☐   Disability ☐   National Origin ☐   Race ☐   Religion ☐   Sex ☐<br><br>How were they treated worse? _____<br><br>_____ Date: _____ |

**THIS QUESTIONNAIRE IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **Who was treated the SAME as you?** | Name: _____ Job Title: _____<br><br>Check how they are different from you:<br><br>Age ☐   Color ☐   Disability ☐   National Origin ☐   Race ☐   Religion ☐   Sex ☐<br><br>How were they treated the same? _____<br><br>_____ Date: _____ |
| **Are there any witnesses to any of the job actions taken against you? If yes, please tell us what they will say.** | 1. Name: Nissala Canty_____ Job Title: _____<br><br>Address: _____ Phone: (762) 241-7924<br><br>What will they tell us? I was disrespected by Kelly Lipner, so was Jermaine Jackson and nothing has happen to Kelly<br><br>2. Name: _____ Job Title: _____<br><br>Address: _____ Phone: (____)_____<br><br>What will they tell us? _____<br><br>_____ |
| **Have you already filed a charge on this matter with the EEOC?** | Yes ☐   No ☑<br><br>If yes:  Date you filed: _____ Charge Number: _____ |
| **Have you filed a complaint on this matter with another agency?** | Yes ☐   No ☑<br><br>If yes:  Agency name: _____<br><br>Date you filed: _____ Complaint Number: _____ |
| **Do you have someone representing you in this matter?** | Yes ☐   No ☑<br><br>If yes:  Attorney ☐   Union ☐   Other ☐<br><br>Name: _____ Date of Contact: _____<br><br>Email address: _____ Phone: _____ |
| **Privacy Act Statement** | This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are: 1) EEOC INQUIRY QUESTIONNAIRE 290A, ISSUED Sept. 1, 2017. 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. §12117(a). 3) PRINCIPAL PURPOSE. The purpose of this form is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge counseling, if appropriate. 4) ROUTINE USES.  EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's assessment of your situation. It is not mandatory that this form be used to provide the requested information.  EEOC Inquiry Questionnaire 290A, issued Sept. 1, 2017. |

Please note:  You must file a charge of job discrimination within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located where a state or local government agency enforces laws similar to the EEOC's laws.  If you would like to file a charge of discrimination immediately, contact the EEOC office closest to you.  **We recommend** that you keep a copy pf this Questionnaire and the Cover Letter for your records.

**THIS QUESTIONNAIRE IS NOT A CHARGE OF DISCRIMINATION**



**ENVIRONMENTAL RESTORATION, LLC**

**EMPLOYEE DISCIPLINARY REPORT**

1666 Fabick Drive
FENTON, MO 63026
636-227-7477
Fax: 636-227-6447

| NAME Herman Smith | EMPLOYEE# 3894 | LOCATION Chicago | DATE 9-18-2017 |
|---|---|---|---|

### PLEASE ATTACH ADDITIONAL COMMENTS WHEN NECESSARY

| | |
|---|---|
| **ACTION** | ☐ VERBAL WARNING ☒ WRITTEN WARNING ☐ PROBATION ☐ LAY OFF <br> ☐ DISCIPLINARY SUSPENSION: DAYS____ ☐ TERMINATION ☐ QUIT VOLUNTARILY <br> **ELIGIBLE FOR REHIRE** YES ☐ NO ☐ EFFECTIVE DATE:____ <br> STARTING DATE_____ ENDING DATE_____ <br> In the case of a disciplinary probation, the employee's next scheduled merit increase should take into account the period of probation and in no event should an increase be granted during period of probation. |
| **REASON FOR DISCIPLINE** | ☐ ABSENTEEISM ☒ VIOLATION OF WORK RULES ☐ NEGLIGENCE OR CARLESSNESS <br> ☐ TARDINESS ☒ IMPROPER JOB ATTITUDE ☐ ALTERCATION OR FIGHT <br> ☐ POOR WORK PERFORMANCE ☒ IMPROPER PERSONAL CONDUCT ☐ ALCOHOL OR DRUGS <br> ☒ INSUBORDINATION ☐ DISHONESTY ☐ Federal DOT Rules |
| **FACTS OR EVENTS** | **BRIEFLY STATE FACTS OR EVENTS LEADING TO THE FILING OF THIS REPORT** <br> Herman Smith walked into the office trailer and in his words he "mimicked" foreman Ben Garza in the presence of the EPA, Crew Foreman, and FCA - when confronted by the FCA, a verbal altercation ensued and the FCA & Herman swore at each other. |
| **PREVIOUS WARNINGS** | HAS EMPLOYEE BEEN PREVIOUSLY COUNSELLED OR DISCIPLINED FOR SAME OR SIMILAR REASON ☒ NO ☐ YES HOW LONG AGO? N/A DOCUMENTED? ☐ YES ☐ NO |
| **IMPROVEMENT REQUIRED** | **BRIEFLY STATE WHAT EMPLOYEE MUST DO TO IMPROVE** <br> improvement in behavior to include acting in a professional manner, particularly around client and management staff - Do not mock coworkers & superiors |
| **TIME ALLOWED** | **INDICATE MAXIMUM PERIOD OF TIME ALLOWED FOR IMPROVEMENT** <br> ☐ 30 DAYS ☐ 90 DAYS ☐ NOT APPLICABLE <br> ☐ 60 DAYS ☐ ____ DAYS immediate |
| **FAILURE TO IMPROVE** | **STATE IN SEQUENCE WHAT DISCIPLINARY ACTION WILL FOLLOW FOR FAILURE TO IMPROVE** <br> TBD |
| **SIGNATURES** | EMPLOYEE Refused Signature <br> SUPERVISOR [signature] | EMPLOYEE'S SIGNATURE INDICATES RECIEPT OF REPORT ONLY, NOT AGREEMENT WITH CONTENT, EMPLOYEE COMMENTS SHOULD BE ATTACHED. <br> MANAGER |

DISTRIBUTION ONE COPY TO EACH: Personnel Department Employee Supervisor

Subject:  FW: Verbal Warning

From:  l.collins@erllc.com

To:  hermansmith285@yahoo.com

Date:  Tuesday, September 19, 2017 12:07:44 PM

Herman, this is Laura Collins.  I left you a voicemail a little bit ago.  Please call me when you have time.

Thank you,

**Laura Collins**

HR Specialist

Environmental Restoration, LLC

Phone (636)680-2429

Fax (636)680-2479

l.collins@erllc.com

**From:** John Behrens
**Sent:** Monday, September 18, 2017 5:19 PM
**To:** Laura Collins <l.collins@erllc.com>; Jim Davis <j.davis@erllc.com>
**Subject:** FW: Verbal Warning

**From:** Herman Smith [mailto:hermansmith285@yahoo.com]
**Sent:** Monday, September 18, 2017 5:14 PM
**To:** John Behrens <j.behrens@erllc.com>
**Subject:** Verbal Warning

Mr. John Behrens

Environmental Restoration

5135 Kennedy

East Chicago Ind. 46312

(708) 473-7124

J.Behrens@erllc.com

September 18, 2017

Mr. John Behrens: My name is Herman Smith.

I work for Environmental Restoration since may of 2017 without incident. Today, a incident took place at work which cause me to be unjustly sent home early, without pay, and then to receive an undeseved written warning from you which will go into my personnel file. At approximately at 8:45 am this morning after having a brief conversation with co workers I left the office trailer unaware that Kelly Lipner was listening to our conversation, as she was not even present in the room. Nothing about the conversation between my co-workers and I was disrespectful to anyone or pertaining to her. Yet, when I left the trailer she chose to follow me outside and begin cursing me for no apparent reason. I didn't even understand what was happening. Approximately two weeks ago she cursed Jermaine Jackson out in front of everyone that was present it was also no cause for that verbal abuse. It is evident that Kelly has serious anger issues and is unable to professionally interact with her co workers. There are several witnesses to both incidents should you investigate further.

I realized that Kelly is the cost accountant at Environmental Restoration, and she is also the aunt of Brad Bartkus , one of your employee's; but neither her position with the company, or her relationship to anyone working there, gives her the right to curse me and disrespect me in a manner in which she did today, there by causing me to respond in the manner that I did.

I'm requesting that the written warning given to me today be rescinded, and that I be payed in full for the entire day that I was scheduled for and came into work.

Finally, to avoid any such incident in the future, I am also requesting that we have a company group meeting on the subject of proper communication and respect in the workplace. Please contact me should you require any further information. I look forward to hearing for you.

Respectfully,

Herman Smith

Laborer

(872) 212-7763

hermansmith285@yahoo.com

Confidentiality Warning: This e-mail and any attachments contain information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. Although this email has been scanned for malware, the sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail. If you have received this e-mail in error, please immediately notify by return e-mail. Thank you.

Herman Smith
7430 South Kenwood Avenue
Chicago, IL 60619
(872) 212-7763
hermansmith285@yahoo.com

Illinois Department of Employment Security
P.O. Box 19509
Springfield, IL 62794
(800) 244-5631
(217) 557-4913 (fax)

RE:  Appeal of Denial of Claim for Unemployment Insurance Benefits
       Claimant ID: 5589443

October 17, 2017

To Whom It May Concern,

On October 5, 2017, I was mailed a letter by the state of Illinois citing a decision
to deny my Unemployment Claim. I am writing to Appeal that decision based
upon the following reasons:

1.) The employer, Environmental Restoration, LLC, is directly responsible for the
incident that occurred on September 18, 2017, which caused my reaction to being
verbally abused by a coworker, Kelly Lipner. Ms. Lipner, incidentally, has a
history of verbally abusing coworkers as cited in my September 20, 2017 letter to
Dennis Greaney, the President of Environmental Restoration, LLC (see attached
letter).

The reasons why Environmental Restoration, LLC is directly responsible for the
incident that occurred are as follows:

   a.  I was never issued an employee manual by anyone at Environmental
       Restoration, LLC, and therefore, without proper prior notification, I
       could not have known their definition or policies on insubordination.

   b.  The September 18, 2017 incident was a direct result of the unwarranted
       cursing and verbal abuse that Kelly Lipner initiated and directed toward
       me.

Page 1 of 2

2.) The September 18, 2017 incident did not rise to the level of misconduct which would justify an immediate termination of my employment, which is why I was issued a verbal warning the same day by Supervisor John Behrens of Environmental Restoration, LLC; a warning I refused to sign because it contained false accusations against me and grossly misrepresented what occurred.

3.) The fact that the verbal warning I was issued was upgraded to a termination of employment without further incident to what occurred on September 18, 2017, is evidence that Environmental Restoration, LLC did not follow their own progressive discipline policy.

4.) The reasons for the upgrade of my verbal warning to termination of employment were retaliatory and discriminatory in nature, following emails that I sent to Environmental Restoration, LLC representatives requesting that the verbal warning I was issued be rescinded; brining attention to the fact that Ms. Lipner had a history of cursing and abusing coworkers, for which she has never been disciplined; and suggesting that an investigation be done for each incident involving Ms. Lipner. Ms. Lipner happens a Caucasian female, and the coworkers she has verbally abuses happen to be Black males (see attached letter).

5.) Though I was issued a verbal warning, in writing, for the September 18, 2017 incident; to this date I have yet to receive from Environmental Restoration, LLC an official, written termination letter citing the reasons for my termination of employment.

For the above stated reasons, I am requesting that my appeal be granted, and that my unemployment benefits become effective from September 17, 2017 until present.

Please contact me should you require any further information.

Thank you for your assistance.

Respectfully,

Herman Smith

Subscribed and sworn

17th ____ October ____ 17

____ Cook, State of I....

Page 1 of 2



**ENVIRONMENTAL RESTORATION, LLC**

**EMPLOYEE DISCIPLINARY REPORT**

1666 Fabick Drive
FENTON, MO 63026
636-227-7477
Fax 636-227-6447

| NAME Herman Smith | EMPLOYEE# 3894 | LOCATION Chicago | DATE 9-18-2017 |
|---|---|---|---|

**PLEASE ATTACH ADDITIONAL COMMENTS WHEN NECESSARY**

| **ACTION** | ☐ VERBAL WARNING ☒ WRITTEN WARNING ☐ PROBATION ☐ LAY OFF<br>☐ DISCIPLINARY SUSPENSION: DAYS____ ☐ TERMINATION ☐ QUIT VOLUNTARILY<br>**ELIGIBLE FOR REHIRE** YES☐ NO☐ EFFECTIVE DATE:____<br>STARTING DATE_____ ENDING DATE_____<br>In the case of a disciplinary probation, the employee's next scheduled merit increase should take into account the period of probation and in no event should an increase be granted during period of probation. |
|---|---|
| **REASON FOR DISCIPLINE** | ☐ ABSENTEEISM ☒ VIOLATION OF WORK RULES ☐ NEGLIGENCE OR CARLESSNESS<br>☐ TARDINESS ☒ IMPROPER JOB ATTITUDE ☐ ALTERCATION OR FIGHT<br>☐ POOR WORK PERFORMANCE ☒ IMPROPER PERSONAL CONDUCT ☐ ALCOHOL OR DRUGS<br>☒ INSUBORDINATION ☐ DISHONESTY ☐ Federal DOT Rules |
| **FACTS OR EVENTS** | **BRIEFLY STATE FACTS OR EVENTS LEADING TO THE FILING OF THIS REPORT**<br>Herman Smith walked into the office trailer and in his words he "mimicked" foreman Ben Garza in the presence of the EPA, Crew Foreman, and FCA - when confronted by the FCA, a verbal altercation ensued and the FCA & Herman swore at each other. |
| **PREVIOUS WARNINGS** | HAS EMPLOYEE BEEN PREVIOUSLY COUNSELLED OR DISCIPLINED FOR SAME OR SIMILAR REASON<br>☒ NO ☐ YES HOW LONG AGO? N/A DOCUMENTED? ☐ YES ☐ NO |
| **IMPROVEMENT REQUIRED** | **BRIEFLY STATE WHAT EMPLOYEE MUST DO TO IMPROVE**<br>improvement in behavior. To include acting in a professional manner, particularly around client and management staff. Do not mock coworkers + superiors |
| **TIME ALLOWED** | **INDICATE MAXIMUM PERIOD OF TIME ALLOWED FOR IMPROVEMENT**<br>☐ 30 DAYS ☐ 90 DAYS ☐ NOT APPLICABLE<br>☐ 60 DAYS ☐ ____ DAYS immediately |
| **FAILURE TO IMPROVE** | **STATE IN SEQUENCE WHAT DISCIPLINARY ACTION WILL FOLLOW FOR FAILURE TO IMPROVE**<br>TBD |
| **SIGNATURES** | EMPLOYEE Refused Signature<br>SUPERVISOR | EMPLOYEE'S SIGNATURE INDICATES RECIEPT OF REPORT ONLY, NOT AGREEMENT WITH CONTENT, EMPLOYEE COMMENTS SHOULD BE ATTACHED.<br>MANAGER |

DISTRIBUTION ONE COPY TO EACH: Personnel Department    Employee    Supervisor

 Herman

Compose

← B... ⤺ ⤻ ➡ 🖾 Archive 🖾 Move 🗑 Delete 🛡 Spam ...⬌ ▲ ▼ ✕  🔘 🈀 🈁 🈂 ⚙

| **Inbox** | |
| Unread | |
| Starred | |
| Drafts | |
| Sent | |
| More | |

**Views**

🖼 Photos
📄 Documents
⚙ Tutorials

**Folders**

+ New Folder
Deleted Mess...
Drafts
Sent Messages
unread

---

• **Verbal Warning** 2          Inbox ∧

 **Herman Smith** <hermansmith285@yahoo.com>    🖨 Sep 13 at 5:13 PM
To: j.behrens@erllc.com

Mr. John Behrens
Environmental Restoration
5135 Kennedy
East Chicago Ind. 46312
(708) 473-7124
J.Behrens@erllc.com
September 18, 2017

Mr. John Behrens: My name is Herman Smith.

I work for Environmental Restoration since may of 2017 without incident. Today, a incident took place at work which cause me to be unjustly sent home early, without pay, and then to receive an undeseved written warning from you which will go into my personnel file. At approximately at 8:45 am this morning after having a brief conversation with co workers I left the office trailer unaware that Kelly Lipner was listening to our conversation, as she was not even present in the room. Nothing about the conversation between my co-workers and I was disrespectful to anyone or pertaining to her. Yet, when I left the trailer she chose to follow me outside and begin cursing me for no apparent reason. I didn't even understand what was happening. Approximately two weeks ago she cursed Jermaine Jackson out in front of everyone that was present it was also no cause for that verbal abuse. It is evident that Kelly has serious anger issues and is unable to professionally interact with her co workers. There are several witnesses to both incidents should you investigate further.

I realized that Kelly is the cost accountant at Environmental Restoration, and she is also the aunt of Brad Bartkus , one of your employee's; but neither her position with the company, or her relationship to anyone working there, gives her the right to curse me and disrespect me in a manner in which she did today, there by causing me to respond in the manner that I did.

I'm requesting that the written warning given to me today be rescinded, and that I be payed in full for the entire day that I was scheduled for and came into work.

Finally, to avoid any such incident in the future, I am also requesting that we have a company group meeting on the subject of proper communication and respect in the workplace. Please contact me should you require any further information. I look forward to hearing for you.

Respectfully,
Herman Smith
Laborer
(872) 212-7763
hermansmith285@yahoo.com

---

🖾 **Laura Collins** <l.collins@erllc.com>    🖨 Sep 19 at 12:07 PM
To: hermansmith285@yahoo.com

Herman, this is Laura Collins. I left you a voicemail a little bit ago. Please call me when you have time.


Thank you,


**Laura Collins**

HR Specialist

Environmental Restoration, LLC

Phone (636)680-2429

Fax (636)680-2479

l.collins@erllc.com

```
            TRANSMISSION VERIFICATION REPORT

                                  TIME   : 09/20/2017 20:26
                                  NAME   : OFFICE
                                  FAX    : 17739470426
                                  TEL    : 17739470426
                                  SER.#  : BROB2J352342


  DATE,TIME                        09/20  20:24
  FAX NO./NAME                     16362276447
  DURATION                         00:01:34
  PAGE(S)                          04
  RESULT                           OK
  MODE                             STANDARD
                                   ECM
```

# Office DEPOT. OfficeMax
## complimentary fax cover sheet

number of pages including cover sheet: _____

attention to: _Dennis Greaney_     date: _9/20/2017_

company _Enviromnetal Restoration_     from: _Herman Smith_

phone #: _636 227-7477_     company: _N/A_

fax #: _636 227-6447_     senders phone #: _872 212-7763_

comments: _____

_____

_____

_____

By sending this fax at Office Depot, inc., the sender agrees not to use this fax to: (I) transmit material whose transmission is unlawful, harassing, libelous, abusive, threatening, harmful, vulgar, obscene, pornographic or otherwise objectionable; (II) create a false identity, or otherwise attempt to mislead others as to the identity of the sender or the origin of this fax; (III) post or transmit any material that may infringe the copyright, trade secret, or other rights of any third party; (IV) violate any federal, state or local law in the location, or (V) conduct activities related to gambling, sweepstakes, raffles, lotteries, contests, ponzi schemes or the like.

Please note that Office Depot, inc. does not review the contents of any fax sent using its services. The sender of this fax

# Office DEPOT. OfficeMax®
## complimentary fax cover sheet

number of pages including cover sheet: _____

attention to: _Dennis Greaney_    date: _9/20/2017_

company: _Environmetal Restoration_    from: _Herman Smith_

phone #: _636 227-7477_    company: _N/A_

fax #: _636 227-6447_    senders phone #: _872 212-7763_

comments: _____

_____

_____

_____

By sending this fax at Office Depot, inc., the sender agrees not to use this fax to: (I) transmit material whose transmission is unlawful, harassing, libelous, abusive, threatening, harmful, vulgar, obscene, pornographic or otherwise objectionable; (II) create a false identity, or otherwise attempt to mislead others as to the identity of the sender or the origin of this fax; (III) post or transmit any material that may infringe the copyright, trade secret, or other rights of any third party; (IV) violate any federal, state or local law in the location, or (V) conduct activities related to gambling, sweepstakes, raffles, lotteries, contests, ponzi schemes or the like.

Please note that Office Depot, inc., does not review the contents of any fax sent using its services. The sender of this fax hereby agrees to indemnify Office Depot inc., to the fullest extent of the law and for any and all claims, suits, or damages arising out or in connection with the request to send, or sending this fax.

| local first page | long distance first page | international first page |
|---|---|---|
|  |  |  |
| $ 1.89   833071 | $2.49   833081 | $7.99   833191 |

| local additional page | long distance additional page | international add'l page |
|---|---|---|
|  |  |  |
| $ 1.69   456687 | $2.19   833091 | $3.99   833201 |

Herman Smith
7430 South Kenwood Ave.
Chicago, IL 60619
(872) 212-7763
hermansmith285@yahoo.com

Mr. Dennis Greaney, President
Environmental Restoration, LLC
1666 Fabic Drive
St. Louis, MO 63026
(636) 227-7477
(636) 227-6447 (fax)

RE: Termination of Employment

September 20, 2017

Mr. Greaney:

My name is Herman Smith. I have been employed with Environmental Restoration, LLC since May of 2017 without incident.

On September 18, 2017, at approximately 8:45 a.m., I had a brief conversation with coworkers inside of the office trailer, unaware that Kelly Lipner, Cost Accountant, was listening to our conversation, as she was not present in the room.

Nothing about the conversation between my coworkers and I was disrespectful to anyone or pertaining to Kelly. Yet, when I left out of the office trailer, Kelly chose to follow me outside and begin cursing me for no apparent reason. I didn't even understand what was happening as she screamed at me "When I fucking call your name Herman, you fucking stop!"

Approximately two weeks ago, Kelly cursed at another employee named Jermaine Jackson in front of a team of employees during a safety meeting. There was also no cause for that verbal abuse.

It is evident that Kelly has serious anger issues and is unable to professionally interact with her coworkers. There are several witnesses to both incidents.

I realize that Kelly is the Cost Accountant at Environmental Restoration, LLC, and that she is also the aunt of Brad Bartkus, one of your employees; but neither her position with the company, or her relationship to anyone working there, gives her the right to curse me and disrespect me, or anyone else for that matter.

Page 1 of 3

Shortly after the incident on September 18, 2017, John Behrens issued me a written warning, which I did not accept. I was then told to go home for the day without pay.

After leaving the work site, I emailed John Behrens; requesting that the written warning he issued to me be rescinded, and that I be paid in full for the entire day that I was scheduled for and came in to work. I also told John of a previous incident in which Kelly cursed out another employee, and suggested that both incidents be investigated. Lastly, I requested a company group meeting on the subject of proper communication and respect in the workplace.

John did not respond to my email.

The next day, September 19, 2017, I texted John Behrens at 7:27 a.m. I asked him when I would be able to come back to work and if he had received the email I sent to him yesterday.

At 8:30 a.m., John texted me back and said "I forwarded your email to St. Louis, and someone will be in touch with you."

At 10:27 a.m., Laura Collins, a Human Resource Specialist with Environmental Restoration, LLC, left me a voice mail message to call her.

At 2:28 p.m. I spoke with Ms. Collins by phone. She questioned me about the incident that occurred on September 18, 2017, and thereafter told me not to return to the work site pending the results of an investigation. She also told me that mimicking a supervisor was grounds for termination.

Although the written warning issued to me by John Behrens states that I was mimicking someone, I did not accept the written warning because the basis of it was false and one-sided. Repeating and discussing what someone else says does not amount to mimicking them.

At 11:33 a.m. today, September 20, 2017, I emailed Ms. Collins and requested for her to memorialize our phone conversation yesterday in writing, then forward it to me via email. I wanted written documentation stating that am not allowed to return to work, so that it would not appear as if I am just not showing up. I also asked Ms. Collins to explain how the basis of a written warning was now being escalated to possible termination of employment.

Ms. Collins did not respond to my email, but instead called me at 12:34 p.m. Ms. Collins told me that based on her investigation, she and her boss were going to go on the word of John Behrens, because John has been working with Environmental Restoration, LLC for over 20 years, they trust John, and John doesn't want me on the work site.

Ms. Collins further stated that I was going to be issued a letter of termination and that she would try to get it out to me before the end of the day today because she was going on vacation. I have yet to receive that letter.

Page 2 of 3

If Ms. Collins and her boss were making a decision based upon the recommendation of John Behrens; the written warning he issued to me on September 18, 2017 would have been affirmed by the company, not my being terminated from employment.

What is clearly happening here is that I am being retaliated against for my protesting the written warning issued to me by John Behrens; for my exposing the unprofessional conduct of Kelly Lipner toward myself and Jermaine Jackson; and for my requesting that proper communication and respect in the workplace be addressed by the company. Otherwise, the written warning issued to me would not have been escalated to termination of employment.

What is also clearly happening is overt discrimination against me and other Black employees of the company. The fact that Kelly Lipner, a Caucasian woman, has not been placed on a forced leave of absence without pay, pending an investigation into her gross unprofessional conduct in cursing out two Black employees, proves that. In also shows that Environmental Restoration, LLC accepts and supports her conduct.

I am writing to you Mr. Greaney because I am trying to diffuse this situation before it causes both your company and I to spend a lot of time and resources with the United States Equal Employment Opportunity Commission (EEOC) and litigation.

My job is my livelihood. I work very hard and I do not make trouble at work for the simple fact that finding a good job is not easy for a person such as myself who is not a college graduate. I enjoy working at Environmental Restoration, LLC, I work well with my coworkers, and my goal was to eventually become a dump truck driver with the company.

Prior to September 18, 2017, I have had no incidents or problems at work, and now it seems they are purposely being created.

I am asking that you, as President of Environmental Restoration, LLC, make an executive decision to rescind the written warning issued to me my John Behrens; ensure that I am paid for each day that I have been forced to miss work; facilitate a transition for me with the company to the position of dump truck driver; and implement mandatory employee training on professional conduct and respect in the workplace, whereby Kelly Lipner and all employees at every level are trained in proper conduct and held accountable for it.

Please confirm receipt of this letter, review the emails I have sent to John Behrens and Laura Collins, and contact me should you require any further information.

Respectfully,

Herman Smith

Illinois Department of Employment Security
Appeals - Chicago
33 S State St - 8th Floor
Chicago, IL 60603
Phone: (800) 244-5631 · TTY: (312) 793-3184
www.ides.illinois.gov

l.ll..ll....ll.....lll.l.....ll.l.l.l.l.l.l.ll.....ll.l.l.ll

HERMAN C. SMITH
7430 S KENWOOD AVE APT 2W
CHICAGO, IL 60619-1455

| | |
|---|---|
| Date Mailed: | 11/14/2017 |
| Claimant ID: | 5589443 |
| Docket Number: | 1733233 |
| Appeal Filed Date: | 10/23/2017 |
| Date of Hearing: | 11/08/2017 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Chicago |

## Administrative Law Judge's Decision

**(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)**

**Claimant Appellant**
HERMAN C. SMITH
7430 S KENWOOD AVE APT 2W
CHICAGO, IL 60619-1455

**Employer**
ENVIRONMENTAL RESTORATION LLC ENVIRONMENTAL
RESTORATION LLC
c/o UC EXPRESS ADP, INC

**Employer's Agent**
C/O UC EXPRESS
PO BOX 66744
SAINT LOUIS, MO 63166-6744

**Appearances/Issues/Employer Status:** The claimant appeared and testified. The employer did not appear. The claimant appeared without a representative. Whether the claimant was discharged for misconduct connected with the work? See 820 ILCS 405/602A. The employer is a party to the appeal.

**Findings of Fact:**

The claimant was a laborer from May 22, 2017 to September 18, 2017 when the employer fired him for what it believed was insubordination.

The events leading to his discharge began when 2 coworkers missed a safety meeting, which the claimant attended. He later told them what they missed. While he was doing so the employer's cost accountant rushed over and accused the claimant of mimicking the foreman who was at the safety meeting. The claimant testified the cost accountant used profanity when she said this. He denied mimicking the foreman. However, he responded to the cost accountant's accusation by saying, Watch your fucking mouth. I'm not a child. I'm a grown fucking man. When the cost accountant told him to go home, he refused, saying she was not his boss. In any event, his boss gave him a written warning for his comments to the cost accountant and sent him home for the day.

Omitting unnecessary detail, the claimant never returned to work because the employer was investigating the incident between the cost accountant and him. The employer eventually decided he was insubordinate to the cost accountant and discharged him.

**Conclusion:** 820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

The administrative law judge finds that the employer fired the claimant for what it believed was insubordination to the cost accountant. There was no evidence that he mimicked the foreman to his coworkers.

Insubordination is defined as a refusal to submit to a superior's reasonable authority. The authority normally covers such things as time of reporting for work, assignment of duty, manner of performing work, conduct on the job, and the like. The willful and deliberate refusal of the employee to submit to the reasonable and lawful instructions of a superior or showing disrespect for a supervisor's authority constitutes misconduct as defined under the general definition of misconduct.

L11L

Page 1 of 2

APL011L

HERMAN C. SMITH                                                          11/14/2017

The issue here is whether the claimant's directing profanity at the cost accountant and refusing to go home when she told him to constituted willful and deliberate insubordination, as Section 602A requires before the Administrative Law Judge can deny him unemployment benefits. For an act to be willful and deliberate it must be significantly wrong, embarked upon with full knowledge of its being wrong and embraced wholeheartedly by the claimant. In other words, intent matters. The preponderance of the evidence did not show that he was willfully and deliberately insubordinate.

First, there was no evidence that the cost accountant was the claimant's supervisor or otherwise had authority over him such as when she told him to go home. Second, he did not initiate the exchange between them. She was the first to use profanity in their exchange. He just responded in kind. Under these circumstances, his use of profanity and refusal to leave work constituted insubordination.

Because of these considerations, the evidence did not show that the claimant's actions amounted to misconduct within the meaning of Section 602A. He is eligible for unemployment benefits under Section 602A.

**Decision**: The Local Office Determination is SET ASIDE. Pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 09/17/2017.

DAVID W. OTT, Administrative Law Judge
Appeals - Chicago
Fax: (312) 793-0923

**FURTHER APPEAL RIGHTS**

**A. LATE APPEAL:** If this appeal was dismissed without a scheduled hearing on a finding the appeal was not filed in a timely manner under the provisions of 56 Ill. Adm. Code 2720.207, this dismissal may be appealed to the Board of Review.

**B. FAILURE TO APPEAR:** IF YOU FAILED TO APPEAR AT THE HEARING, then you may request a rehearing of the appeal, but only if you failed to appear. Your request for a rehearing must state the reason/s you did not attend the hearing and why you did not request a continuance (or why a continuance was erroneously denied) (See 56 Ill. Adm. Code 2720.255(e) (1)) A request for rehearing must be made within 10 days of the scheduled hearing or first receipt of notice of hearing, whichever is later. A request for rehearing must be made in writing, to the Appeals Division, 33 S State St - 8th Floor, Chicago, IL 60603, directed to the referee Administrative Law Judge whose name appears on this decision. A request for rehearing may also be made by fax at the referee Administrative Law Judge fax number (312) 793-1119.

You may also file an appeal to the Board of Review. It must be in writing and filed within 30 days from 11/14/2017. **See paragraph C. below.**

**C.** If the decision is against you then you may file a further Appeal to the Board of Review. An appeal to the Board of Review must be in writing and filed within 30 days from 11/14/2017. The appeal to the Board of Review must be mailed to the Board of Review at 33 S State St, 9th Floor, Chicago, IL, 60603 or by fax at (630) 645-3731.

**TO:** HERMAN C. SMITH, Claimant
**TO:** C/O UC EXPRESS, Employer Agent

**CC:** ENVIRONMENTAL RESTORATION LLC c/o UC EXPRESS ADP, INC, Employer